.                    IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENNIS BROWN, III,  AIS #108821,** : | |
| **Plaintiff,** : | |
| vs.  : | CIVIL ACTION 14-568-CG-N |
| **STATE OF CALIFORNIA, et al.,** : | |
| **Defendants.** : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. §1983.[1] This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Amended Complaint.**  (Doc. 4).

The complaint before the Court is a superseding amended complaint that plaintiff was ordered to file on this Court's § 1983 complaint form, as his original complaint was a self-styled handwritten complaint.  (Docs. 1, 3).  The Court's complaint form advises plaintiff that the defendants are those persons identified in Section III of the complaint form.  (Doc. 4 at 1, D). The entities listed by plaintiff as defendants in Section III are the California Department of Corrections, San Quentin Security Squad, and inmate Michael Wheeler.  (Id. at 9).

Plaintiff's description of his claims is brief and, therefore, the Court is setting it out in its

---

[1] Plaintiff is incarcerated at Fountain Correctional Center in Atmore, Alabama.  (Doc. 8).

entirety.

> [C]ontinue from "forma pauperis form"[2] – intimidating witnesses; unlawful electronic surveillance from California to Alabama – Mobile and Kilby got involved attempting to cover-up for California.  On 09-15-14; plaintiff was approached by 2 (two) black men from California, "who assaulted [him]," broke [his] index finger; fracture broke side (ribs) and threat plaintiff to stop pursuing this legal matter or die, Sacramento "Dept. of Corr., have been using these two devises" in plaintiff pirvacy in his bedroom entitle life, and did act under the color of law with malice, assusalts, and even murder - ; constant terrorist threats against [his] life and friends and families members' imminent insolvency at any time; inferring with case #CV14.5497 (NJV) claim to have destroy my amended complaint in Nov. 2014.

(Id. at 4-5).

For plaintiff's specific claim against defendant California Department of Corrections, he states: "illegal wiretapping; & video recording for 35 yrs.; assusalt with physical threats; murder; intimation of witnesses[.]"  (Doc. 4 at 9).  The facts offered in support of this claim are: "On Sept. 15, 2014 'Plaintiff' Brown III was approached by two men (black) from California; who assusalted [him]; broke [his] left finger & fractures [his] ribs (see attached)."  (Id. at 9).  Next, for plaintiff's claim and facts against defendant San Quentin Security Squad, plaintiff alleges: "Conspiracy to conceal acts of murder; physical assaults; sex harassment (see attached)."  (Id.).  Then, for the last defendant, Micheal Wheeler, identified as a San Quentin prisoner, he refers to the claim and facts alleged against defendant San Quentin Special Squad.  (Id.).  With respect to the relief that plaintiff seeks, plaintiff left empty the space where the form asks what he wants the Court to do for him if he wins.  (Id. at 7).

---

[2] In plaintiff's motion to proceed without prepayment of fees (Doc. 5), he describes the nature of his action as: Corruption by prison guards and prison officials at all level in 2 two state & and 2 counties; Mobile & Montgomery Alabama; San Quentin, Ca.; Oakland, Ca. (Alameda County) (see attachment). Unlawful use of camera & wiretapping devices, terrorist threats[.]" (Id. at 1).

2

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.  A claim that is factually baseless is one that contains fanciful, fantastic, and delusional allegations that "rise to the level of the irrational or wholly incredible" with which "district courts . . . are all too familiar[.]"  Denton v. Hernandez, 504 U.S. 25, 33-34, 112 S.Ct. 1728, 1733-34, 118 L.Ed.2d 340 (1992).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to

---

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

    **A. Defendant California Department of Corrections.**

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The State and its arms, however, are not "persons" for the purpose of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Haywood v. Drown,

556 U.S. 729, 734 n.4, 129 S.Ct. 2108, 2113 n.4, 173 L.Ed.2d 920 (2009) (affirming the Will decision). The defendant, the California Department of Corrections, is an arm of the State of California and, therefore, is not a "person" that may be sued for § 1983 purposes. Christman v. Micheletti, 302 F. App'x 742, 743 (9th Cir. 2008) (unpublished) (finding the claims against the California Department of Corrections and Rehabilitation ("CDCR") were properly dismissed as the state agency was not a person for § 1983 purposes based on Will); Moss v. Williams, 83 F.3d 428, at *1 (9th Cir. 1996) (unpublished) (finding that the claim against the California Department of Corrections was frivolous based on the Will decision); cf. Reyes v. California Dep't of Corrs., No. 2:15-cv-0140 KJN P, 2015 WL 1137425, at *3 (E.D. Cal. Mar. 12, 2015) (finding that the prisoner's § 1983 claim against CDCR and its medical department was barred by Eleventh Amendment immunity according to Alabama v. Pugh, as California has not waived its immunity); Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) ("suit against the State and its Board of Corrections is barred by the Eleventh Amendment"). Thus, the claims against defendant California Department of Corrections are due to be dismissed with prejudice as frivolous as a matter of law.

    **B. Defendant San Quentin Security Squad.[4]**

Plaintiff also named as a defendant San Quentin Security Squad, which plaintiff advises is employed as San Quentin security guards. (Doc. 4 at 9). However, a defendant described by such a name is not recognized in § 1983 actions. That is, a "person" must be named as a defendant to a § 1983 action. This defendant is not an individual or alleged to be a legally

---

[4] The Court is foregoing a discussion of whether venue is proper with respect to the claims against defendants who do not reside in the Southern District of Alabama. 28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

recognized entity, such as a city or a county.  Moreover, no agent for service of process was identified.  Rather, this name describes this defendant as a group of individuals.  Considering this defendant is an amorphous collection of prison guards and the claim and facts alleged against this defendant are "[c]onspiracy to conceal acts of murder; physical assaults; sex harassment," naming this squad as a defendant is more akin to an attempt to the name the institution where the squad is employed or the California Department of Corrections.  As discussed above, defendant California Department Corrections or one its institutions is not a "person" for § 1983 purposes.  See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (finding that the inmate could not recover from San Quentin State Prison because the prison was an arm of the state government which is not a "person" for the purposes of the Civil Rights Act); Reyes, 2015 WL 1137425, at  *4 (holding that the claims against the defendant medical services department were dismissed as the state and its arms could not be sued due to the Eleventh Amendment's immunity).

On the other hand, assuming without deciding, that plaintiff intended to name an individual as a defendant but could not remember the name, there is insufficient information provided to serve that person.  See Dean v. Barber, 951 F.2d 1210, 1215-1216  (11th Cir. 1992) (allowing the joinder of an unnamed defendant who could be identified due to the position that he alone held, i.e., chief deputy).

Turning to the claims and facts alleged against this defendant, "[c]onspiracy to conceal acts of murder; physical assaults; sex harassment," these allegations are vague and pled in conclusory terms.  Conclusory allegations are insufficient to state a claim because they do not show that the claim is plausible.  See Jacobs v. Biando, 592 F. App'x 838, 841 (11th Cir. 2014) (unpublished)  (Iqbal explains "that mere conclusory statements do not satisfy Twombly's facial

plausibility standard"), petition for cert. filed, Nos. 14-9072, 14A888) (U.S. Mar. 24, 2015).  No information is provided that would show that certain individuals conspired to violate a constitutional right of plaintiff.  Furthermore, no information is provided that would permit the Court or a defendant to conclude that a murder, physical assaults, or sex harassment occurred.  See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) ("[i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given also that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery").

Moreover, in order to state a conspiracy claim "a plaintiff must show among other things, that the defendants 'reached an understanding to violate his rights." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (alteration and citation omitted).  This necessitates that a plaintiff provide more than a label or a conclusion.  Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.  An agreement to violate a plaintiff's constitutional rights must be shown, AFL-CIO v. City of Miami, Fla., 637 F.3d 1178, 1190-91 (11th Cir. 2011), with sufficient facts to suggest an agreement was made.  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.  In addition to pleading facts that show an agreement was reached to deny a plaintiff's constitutional rights, an "underlying actual denial of his constitutional rights" must be shown.  Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008) (alteration omitted).  Thus, plaintiff has failed to state a conspiracy claim.

In view of the deficiencies presented by plaintiff's allegations in naming this collective defendant, for which no separate legal existence was identified, and in alleging a vague and conclusory claim against this defendant that borders on the incredible, the Court finds that this claim fails to state a claim upon which relief may be granted.

### C. Defendant Micheal Williams.

The remaining defendant to be discussed is inmate Micheal Wheeler, a prisoner at San Quentin Prison. (Id. at 9). Plaintiff refers the Court to the allegations against defendant San Quentin Security Squad for the allegations against defendant Wheeler. As stated above in the discussion on defendant San Quentin Security Squad, the allegations of a conspiracy are frivolous. Moreover, plaintiff did not allege that defendant Williams acted under color of state law. Typically, an inmate does not act under color of state law, Alexander v. Brooks, CA No. 13-0606-CG-C, 2014 WL 1653588, at *2 (S.D. Ala. Apr. 24, 2014) (unpublished), and the allegations against defendant Williams do not show that he acted under color of state law. However, in order to state a claim under § 1983, the plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (emphasis added), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986). In light of the facts that plaintiff has not established that defendant Williams acted under color of state law and that the allegations against defendant Williams were deemed to be frivolous, supra, the undersigned finds that the claims against defendant Williams are frivolous and are due to be dismissed with prejudice.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 8th day of May 2015.

*/s/ Katherine P. Nelson*

UNITED STATES MAGISTRATE JUDGE